DA 06-0688

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 163N

ERIC ROBERT SMITH,

      Petitioner and Appellant,

    v.

STATE OF MONTANA,

      Respondent and Respondent.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-06-707
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Eric Robert Smith, *Pro Se*; Missoula, MT

      For Respondent:

      The Honorable Mike McGrath, Attorney General, Helena, Montana

      Judith L. Wang, Assistant City Attorney, Missoula, Montana

      Kirsten LaCroix, Chief Criminal Prosecutor, Missoula County Attorney's Office, Missoula, Montana

Submitted on Briefs:  June 20, 2007

Decided:  July 10, 2007

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana  Reports.

¶2     In December of 2002, Eric Robert Smith was convicted of misdemeanor indecent exposure.  We dismissed his subsequent appeal to this Court as untimely, and later affirmed the denial of his petition for postconviction relief by the Fourth Judicial District Court, Missoula County.  Here, Smith appeals the District Court's dismissal of his second petition for postconviction relief.  We affirm.

¶3     We restate the issue as whether all claims raised in Smith's second petition for postconviction relief are procedurally barred.

¶4     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.  The dispositive issues are clearly controlled by settled Montana law.

¶5     With the exception of claims of actual innocence—"that the petitioner did not engage in the conduct for which [he] was convicted"—based on newly-discovered evidence, a petition for postconviction relief must be filed within one year after the underlying criminal conviction becomes final.  Section 46-21-102, MCA.  The only newly-discovered evidence

alleged in Smith's second petition for postconviction relief are a psychological evaluation of his ex-wife and her testimony at a March 9, 2006 hearing. While both may cast doubt on the general veracity of Smith's ex-wife, neither establishes that Smith did not engage in the conduct for which he was convicted. Smith has not overcome the one-year time limit on filing petitions for postconviction relief.

¶6     In his appeal, Smith also faults the District Court for stating it was unable to locate the criminal judgment against him while it was reviewing his files for purposes of his second petition for postconviction relief, and for failing to conduct a hearing on that petition. Smith has not established reversible error in either regard. He concedes the criminal judgment exists, and it was not necessary that the District Court review it in order to rule on Smith's second petition for postconviction relief. Hearings regarding petitions for postconviction relief in non-death penalty cases are discretionary, and Smith has not established an abuse of discretion in the court's failure to hold a hearing. *See* § 46-21-201(5), MCA.

¶7     We affirm the District Court's dismissal of Smith's second petition for postconviction relief.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE